**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **HUGO AVILA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 4:25-cv-00878-O-BP** |
| | § | |
| **TRANSPORT WORKERS UNION** | § | |
| **LOCAL 575,** *et al.,* | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss and Brief (ECF Nos. 58, 59) that Transport Workers Union Local 575 ("the Union"), Joseph Austin, Enrique Guzman, Rene Maza, and Eduardo Murillo (collectively "Defendants") filed January 9, 2026, Response and Brief that *pro se* Plaintiff Hugo Avila ("Avila") filed February 13, 2026 (ECF Nos. 65, 66), and Reply (ECF No. 67) that Defendants filed February 27, 2026. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 58) in part and dismiss Counts 1 and 3 of Avila's Second Amended Complaint.

**I.      BACKGROUND**

This suit involves a dispute between Avila and the Union and several Union officers in their official capacities. ECF No. 53 at 2. Avila asserts that the Union violated the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") in connection with a proposed bylaw amendment, subsequent retaliation, refusal to let Avila copy Union documents, and limiting agenda time at meetings for member business. ECF No. 53 at 4-6.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B.    *Pro Se* Standard

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires

"whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C.      Title I of the LMRDA

Title I of the LMRDA provides that each member of a labor organization "shall have equal rights and privileges" to nominate candidates, vote in elections, and participate and vote in meetings, subject to reasonable rules and regulations of the organization. 29 U.S.C. § 411. The section "is designed to guarantee every union member equal rights to vote and otherwise participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline" *Loc. No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 536-37, (1984). If a labor organization infringes on a member's rights secured by this provision, the member may seek a remedy by bringing a civil action in federal district court. *Id.* (citing 29 U.S.C. § 412).

However, Title I protections "forbi[d] only unequal treatment as between members of a union" and thus does not apply when a union treats all members unfairly or improperly. *Alexander v. Int'l Union of Operating Eng'rs, AFL-CIO*, 624 F.2d 1235, 1240 (5th Cir. 1980). For example, a rule that prohibits all members from voting on revised bylaws does not violate Title I because the denial of the right to vote affected each member equally. *Bowers v. Pipe Fitters Loc. Union*, No. CIV.A.4:09-cv-0878, 2010 WL 2303341, at *5 (S.D. Tex. June 7, 2010).

**D.      Dismissal with or without leave to amend**

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III.   ANALYSIS

### A.      The Court should grant the Defendants' motion as to Count 1.

In Count 1, Avila claims Defendants violated the LMRDA §§ 101(a)(1) and (a)(2). ECF No. 53 at 6. He argues that the Union's systematic agenda restrictions and "open floor only" policy violated the Union's bylaws and the LMRDA's protections of equal rights and freedom of speech and assembly. *Id.* at 4-5. Avila argues the Union violated its bylaws by posting meeting notices that did not contain the necessary "written agenda of business to be transacted." *Id.* at 4. He also claims that the Union limited meeting time for "new business" to two minutes of "open floor" time rather than reserving a section of the agenda to discuss such content. *Id.* at 5. He contends that this schedule "structurally prevented members from introducing bylaw amendments, substantive motions, points of order, or appeals in the ordinary course of business." *Id.* at 5.

Title I of the LMRDA only protects the equal rights and privileges of members with respect to other members of the organization, not when actions apply to all members equally. *See Alexander,* 624 F.2d at 1240. Avila does not offer any facts to show that the Union's alleged violations of its bylaws in posting meeting notices applied unequally to him as compared with other members. He also does not show that the floor time schedule applied unequally to himself. Instead, he pleads that the schedule burdened all members and prevented them from participating in the proceedings. *See* ECF No. 66 at 15 (alleging violations amounted to "Unreasonable Restrictions on All Members."). Title I of the LMRDA does not support such a claim because the Union's policies did not burden Avila's equal right to participate and instead affected all members equally. As a result, the Court should dismiss Count 1 of Avila's Second Amended Complaint.

**B.    The Court should deny the Defendants' motion as to Count 2.**

Avila contends that the Union did not comply with its duties under the LMRDA to allow him to copy or scan Union records relating to various 2024 expenditures. ECF No. 53 at 5. He claims that although he was allowed to inspect the records, "[i]nspection-only access is meaningless [] because the records contain thousands of line items . . . that cannot be accurately memorialized by hand in the limited time provided." *Id.*

The LMRDA provides for "the reporting and disclosure of certain financial transactions and administrative practices of labor organizations and employers." 29 U.S.C. § 401. The law requires a union to "file its constitution and bylaws, as well as periodic reports ("LM Reports") regarding the union's constitution and bylaws and finances, with the Secretary of Labor.*" Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 280-81 (5th Cir. 1993). The union also must

> maintain in its files for five years information which will corroborate
> the LM Reports, in case verification should be sought by the

5

Secretary of Labor or by members of the union who are able to establish 'just cause' for suspicion that the union's reports to the Secretary are inaccurate or do not jibe with the union's activities.

*Id.* at 281 (citing 29 U.S.C. §§ 431(c); 436).

Section 431(c) of the LMRDA provides union members with an enforceable right to examine the union's records. To state a cognizable claim, a plaintiff must "demonstrate 'just cause.'" *Id.* at 285. This requires showing "only a suspicion that would put a reasonable union member to further inquiry. Wrongdoing need not be shown by a preponderance of the evidence." *Landry v. Sabine Indep. Seamen's Ass'n*, 623 F.2d 347, 349 (5th Cir. 1980) (citing *Fruit and Vegetable Packers and Warehousemen Local 760 v. Morley*, 378 F.2d 738, 744 (9th Cir. 1967)).

When a union member shows 'just cause' under the LMRDA, "there are many cases affirming the union member's right to inspect and photocopy receipts and other union records necessary to verify the accuracy of the union's financial statements." *Fernandez-Montez,* 987 F.2d at 285 (citing *Conley v. United Steelworkers of America,* 549 F.2d 1122 (7th Cir. 1977)). While the text of § 431(c) does not explicitly provide a right to copy records, courts have found that union members should "be free to make such copies" when the member can show that copies "are reasonably necessary to the conduct of the examination." *Conley,* 549 F.2d at 1125.

In the context of an inspection to verify financial reports, Avila must show the "circumstances that would put a reasonable union member on notice that further investigation is warranted to assure that the union's LM filings . . . comport with the union's own records of its activities." *Fernandez-Montez,* 987 F.2d at 285. He must also "state what he wishes to verify in the LM Reports and how the particular union records he is requesting are expected to assist him in doing so." *Id.*

6

Avila contends he has established just cause through duplicate entries of expenses, cataloged expenses without receipts, and an apparent conflict of interest of the Union president's outside business serving a Union event and receiving reimbursement. ECF No. 53 at 5. These accounting duplicates, discrepancies, and possible conflict of interest would provide a suspicion "that would put a reasonable union member to further inquiry." *Landry*, 623 F.2d at 349. Therefore, Avila has shown just cause for suspicion under the LMRDA that the Union's reports were inaccurate or did not accurately reflect the Union's activities. *Fernandez-Montes*, 987 F.2d at 281.

Additionally, Avila identifies the information he wishes to verify within the Union reports, and how the records he has requested would assist him in this confirmation. In his Response, he explains he seeks to cross reference financial expenditures, trace the duplicate entries, reconcile expenditures with receipts, and verify against LM reports. ECF No. 66 at 13. Avila shows how this information will help him confirm whether the Union's financial reports of expenditures were accurate. Avila sufficiently identifies both the financial information he seeks to verify in the Union's records and how the records he requests would assist him in this confirmation that the Union properly cataloged expenditures.

Finally, Avila has shown why copying the records is "reasonably necessary to the conduct of the examination." *Conley*, 549 F.2d at 1125. He explains that because the records are voluminous and contain thousands of items, and his inspection requires simultaneously referencing entries across multiple documents, the tasks cannot be successfully performed through hand-copying of the records. ECF No. 66 at 13. Avila has established just cause and shown copying of the records is reasonably necessary for his investigation. Taking "all well-pleaded facts as true [and] viewing them in the light most favorable to" Avila, at least at this stage he has stated a

plausible claim for relief. *Yumilicious Franchise*, *LLC*, 819 F.3d at 174. Therefore, the Court should deny the Defendants' Motion as to Count 2.

### C.    The Court should grant the Defendants' motion as to Count 3.

Avila asserts that following his requests for transparency through inspection of records and his proposal of a bylaw amendment, the Union retaliated against him by delivering a "bad standing notice" at a July 2025 membership meeting. ECF No. 53 at 6. His attached exhibit shows that the letter was an invoice rather than a letter and does not state whether the Union had placed Avila in bad standing. ECF No. 53-10 at 2. Avila made the payment, and the Union permitted him to attend the meeting. ECF No. 66 at 8. Nevertheless, Avila argues that delivery of such a notice during a membership meeting constituted a functional loss of membership rights which falls within the "otherwise discipline" category of § 529. *Id.* And he alleges that the timing and public manner of the delivery, paired with the deviation from mandatory procedure of such notices through registered mail or with a 30-day cure period provides evidence of retaliatory motive. *Id.*

Section 529 of the LMRDA makes it unlawful for a union to "fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled" under the Act. 29 U.S.C. § 529. The provision provides for civil enforcement in a federal district court. *Id.* The Supreme Court noted in 1989 that the statute is "written in expansive language" and specifically found that the statute refers "not only to fines, suspension, and expulsion . . . but also to unspecified means by which the union 'otherwise discipline[s]' its members." *Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6*, 493 U.S. 67, 97 (1989) (citing 29 U.S.C. § 529).

"'Discipline' is not defined by the LMRDA and . . . the legislative history of the Act is unenlightening. . . .We therefore construe the general term 'discipline' to conform to the essential

character of the specifically enumerated types of discipline fine, expulsion, and suspension.'" *Miller v. Holden*, 535 F.2d 912, 914 (5th Cir. 1976). When determining whether a union has disciplined a member, courts "focus on the motivation of the union conduct and the manner in which the penalty is enforced." *Id.* at 915. And union action is only discipline under the LMRDA "when (1) it is undertaken under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership, and (2) it directly penalizes him in a way which separates him from comparable members in good standing." *Id.*

Here, the Union's delivery of an invoice for unpaid dues does not amount to an act of discipline covered by the LMRDA. Avila does not provide a plausible factual basis that the Union delivered the invoice to control his conduct and protect the Union's interests. And Avila does not claim that the Union delivered the invoice to penalize him or separate him from comparable members in good standing. *Miller*, 535 F.2d at 915. The invoice required Avila to pay Union dues that he does not dispute he owed. He does not show how delivering such an invoice amounts to a disciplinary action contemplated by the LMRDA. Therefore, the Court should dismiss Avila's claims in Count 3 because he has not stated a plausible claim upon which relief may be granted.

**D.      The dismissals should be without leave to amend.**

Avila does not plead sufficient facts to state a claim in Counts 1 and 3. He already has amended his complaint twice and responded to the present Motion, and each filing contains several pages laying out the facts of his case in detail. Accordingly, the Court concludes that he has pleaded his best case and that further amendment of the Complaint to address the deficiencies noted above would be futile. Therefore, the Court's dismissal of Counts 1 and 3 should be without leave to amend.

**IV.    CONCLUSION**

Avila has stated a plausible claim for relief as to Count 2 but not as to Counts 1 and 3. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Defendants' Motion (ECF No. 58) in part and Dismiss Count 1 and Count 3 of Avila's Second Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on March 3, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

10